UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13CV246 CDP |
| BIRCHWOOD LABORATORIES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before me on a motion to transfer filed by defendant Birchwood

Laboratories, Inc.  Birchwood seeks to move this case to the District of Minnesota.

Under 28 U.S.C. § 1404(a), a district court may only transfer an action to a district

where the action could properly have been brought.  Because defendant Trademark

Medical, LLC, is not subject to personal jurisdiction in Minnesota, this action could

not properly have been brought there.  Accordingly, I will deny Birchwood's motion.

## I.      Discussion

Section 1404(a) gives a district court discretion to transfer a civil action to

another forum.  Under this section, the court considers "the convenience of parties

and witnesses" and "the interest of justice" in deciding whether to transfer an action.

*Id.*; *see also Eggleton v. Plasser & Theurer Export*, 495 F.3d 582, 588 n.3 (8th Cir.

2007) (courts use Section 1404(a) "to promote litigation convenience and efficiency").

Section 1404(a) only allows a district court to transfer an action if it "might have been brought" in the proposed transferee court.  *Id.*  The United States Supreme Court has interpreted this phrase – "might have been brought" – to limit possible transferee courts to those in which jurisdiction and venue were proper when the case was filed.  *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980); *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citing venue statute as evidence that action "might have been brought" in particular district).  Under this interpretation, Section 1404(a) does not permit a court to transfer a suit to a district that lacked personal jurisdiction over any of the defendants at the time of filing.  *Hoffman*, 363 U.S. at 343–44; *see also CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.*, 04CV79, 2005 WL 741911, at *7–*9 (N.D. Iowa March 31, 2005).

In addition, because "federal courts give considerable deference to a plaintiff's choice of forum," the party seeking the transfer "typically bears the burden of proving that a transfer is warranted."  *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Therefore, before addressing whether transferring this action to Minnesota would be convenient and conducive to the interest of justice, I must determine

whether this action "might have been brought" there.  Plaintiff American Guarantee and Liability Insurance Company argues that it could not have filed this action in the District of Minnesota because defendant Trademark is not subject to personal jurisdiction there.  Because Trademark, a Missouri resident, does not have sufficient minimum contacts with Minnesota, I agree.

### A.      *Two-Part Personal Jurisdiction Inquiry*

At this stage of the case, Birchwood need only make a prima facie showing that Minnesota has personal jurisdiction over Trademark.  *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

To make a prima facie showing of personal jurisdiction over a nonresident defendant, a party must show that two conditions have been fulfilled.  First, the forum state's long-arm statute must be satisfied.  *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 593 (8th Cir. 2011).  Second, the court must determine that the nonresident defendant has sufficient contacts with the forum state to comport with due process.  *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

Minnesota courts have construed the state's long-arm statute as having "the maximum extraterritorial effect allowed under the due process clause."  *Bible & Gospel Trust v. Wyman*, 354 F. Supp. 2d 1025, 1027 (D. Minn. 2005) (citing *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 410–11 (Minn. 1992).  As such, the

two-part inquiry "collapses into a single question of whether the exercise of personal jurisdiction comports with due process." *Id.*

The due process clause requires that there be "minimum contacts" between a nonresident defendant and a forum state before the forum state may exercise jurisdiction over the defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The nature of these contacts should lead the nonresident defendant to "reasonably anticipate being haled into court" in the forum state. *Id.* at 296. The contacts can take many forms, but they must include "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quotation marks omitted).

### B.      *Alleged Warranty Relationship Is Not "Purposeful Availment"*

Here, Birchwood asserts that Trademark is subject to jurisdiction in Minnesota because Trademark has alleged it had a warranty relationship with Birchwood, a Minnesota company. In support of this theory, Birchwood contends that a nonresident's contract with a Minnesota citizen can justify the exercise of specific jurisdiction over that nonresident. Although that may be true in certain circumstances, it provides no support to Birchwood's theory here. Trademark has not alleged that it entered into a contract with Birchwood. Instead, it has alleged (in an underlying lawsuit) that it bought – through a third party resident of Tennessee –

defective mouthwash made by Birchwood, and that Birchwood warranted this product to down-the-line buyers.[1]  Trademark's actions do not demonstrate, in any way, that it purposely availed itself of Minnesota law.

Birchwood also argues that because Trademark was "involved" in the third party's decision to procure mouthwash from Birchwood and "knowingly" purchased a product containing that mouthwash, it should have reasonably anticipated being haled to court in Minnesota.  This argument is unavailing.  Taking Birchwood's theory to its logical conclusion would subject an American consumer to the personal jurisdiction of any number of foreign courts if that consumer alleged that she had bought a defective product made by a foreign company and sold in a retail outlet in the United States.  This is obviously not the state of the law, and Birchwood cites no cases to support its argument.

### C.    *Trademark's Alleged Consent to Jurisdiction Is Immaterial*

In addition, Birchwood argues that "by failing to respond to Birchwood's motion" to transfer, Trademark has consented to personal jurisdiction in Minnesota.  This conclusion is both questionable and irrelevant.  Regardless of the significance of Trademark's silence, a district court's transfer power depends on the state of things at the time of filing and cannot be enlarged "upon the wish or waiver" of a defendant.

---

[1]  *See* R.D. Hursh, 75 A.L.R.2d 39, § 1 (1961) ("It is a fact of everyday life that product-caused injuries frequently befall one whose contact with the product does not stem from any contractual relationship between himself and the manufacturer or seller of the product, and that, *notwithstanding this absence of contractual relationship,* the injured party frequently looks to the manufacturer or seller as a source of compensation for his injuries.") (emphasis added).

*Hoffman*, 363 U.S. at 343.  The Supreme Court found that such an interpretation of

Section 1404(a) "would not only do violence to the plain words of § 1404(a), but

would also inject gross discrimination" into the statute by elevating the desires of

defendants over those of plaintiffs.  *Id.* at 344; *Blaski v. Hoffman*, 260 F.2d 317, 321

(7th Cir. 1958) (it would "permit a defendant to select a forum not available to a

plaintiff as a matter of right, and over plaintiff's objection"); *see also Reliance Ins.*

*Co. v. Bend'N Stretch, Inc.* 935 F. Supp. 476, 478 (S.D.N.Y. 1996) ("The Declaratory

Judgment Act is not to be used as a means of gaining a procedural advantage and

preempting the forum choice of the complainant in a coercive action.").  Under

Section 1404(a), even an expressive waiver from Trademark could not convert

Minnesota into a proper transferee forum.

## II.     Conclusion

Without a prima facie showing of personal jurisdiction over Trademark, I

cannot conclude that this case "might have been brought" in Minnesota.  I need not

address the convenience and justice of transferring the case there.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Birchwood Laboratories, Inc.'s

motion to transfer [#5] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2013.

– 6 –